UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ANTHONY PERRI,

                        Plaintiff,

-against-

MICHAEL BLOOMBERG, Mayor of the City of New
York; RAYMOND KELLY, Commissioner of the New
York City Police Department; Captain John Doe;
SERGEANT BARRITEAU, P.O. SUSAN SAVIANO,
and P.O. DITUCCI, in their individual as well as
official capacities; and THE CITY OF NEW YORK,

                        Defendants.
-------------------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM AND
ORDER

06-CV-403 (CBA)(LB)

AMON, United States District Judge:

        Plaintiff Anthony Perri brought this action *pro se* pursuant to 42 U.S.C. § 1983 and state

tort law alleging that the defendants violated his federal constitutional and state law rights by

using excessive force during his detention, by exhibiting deliberate indifference to his medical

needs, by intentionally inflicting emotional distress upon him, and by maintaining a custom,

policy, and practice that has resulted in defendants' violation of these rights.  Defendants have

moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and

12(c).[1]  The Court referred the defendants' motion to the Honorable Lois Bloom, United States

Magistrate Judge, for a report and recommendation ("R&R").  On September 7, 2007, Magistrate

Judge Bloom issued her R&R, granting in part and denying in part the defendants' motion.  Any

objections to the R&R were due on September 21, 2007.  <u>See</u> Fed. R. Civ. P. 72(b); 28 U.S.C. §

---

[1]Plaintiff opposed defendants' motion with a submission styled as a motion for partial
summary judgment.  To whatever extent plaintiff is actually seeking summary judgment at this
stage in the litigation, the Court agrees with Magistrate Judge Bloom that his motion should be
denied.

636(b)(1).

On September 18, 2007, plaintiff filed what he styled as an "Emergency Motion." Therein, plaintiff alleges that the NYPD is using his neighbors against him and paying them to take action against plaintiff, that he was attacked at a Waldbaums at which time the police punched him in the face and screamed obscenities at him, that he has suffered from insomnia, that he has confined himself to his apartment 23 hours per day, that he fears for his life and the life of his cats, that the NYPD has positioned someone adjacent to his home and has also followed and harassed him, that the NYPD has opened up businesses and enlisted the help of silent partners for the purposes of terrorizing plaintiff, that the NYPD is employing decoys and civilians to set plaintiff up, and that the NYPD is frustrated and therefore attacks plaintiff. He further alleges that as a result of these actions taken by the NYPD, he hasn't been able to submit evidence since labor day and needs a 30-day extension of time to file objections to Magistrate Judge Bloom's R&R. Additionally, plaintiff renews his prior request for the appointment of a guardian *ad litem*.

Plaintiff's motion for an extension of time to file objections is denied. The defendant's motion to dismiss plaintiff's claims was denied in large part, and those portions of the complaint that were dismissed were clearly legally insufficient to state a claim for relief. In light of plaintiff's letter of September 18, 2007, it is apparent that further submissions by the plaintiff in the absence of a guardian *ad litem* are unlikely to produce coherent objections.

Accordingly, the Court adopts Magistrate Judge Bloom's well-reasoned R&R as the opinion of the Court. Defendants' motion to dismiss plaintiff's claims against the police officers for excessive force, deliberate indifference to medical needs, and intentional infliction of emotional distress is denied. Their motion to dismiss the claim against the City of New York is

also denied.  Their motion to dismiss the claims against Mayor Bloomberg and Police

Commissioner Kelly are granted.  Moreover, to the extent that plaintiff is pursuing a claim based

on the equal protection clause of the Fourteenth Amendment, that claim is dismissed.

Additionally, Magistrate Judge Bloom is directed to appoint a guardian *ad litem* for plaintiff in

accordance with Federal Rule of Civil Procedure 17(c).  If within a reasonable time after the

appointment of the guardian *ad litem*, application is made showing that there is a meritorious

basis on which plaintiff could seek reconsideration of this order, it will be considered by the

Court.

SO ORDERED.

Dated:          Brooklyn, New York
                September 28, 2007

                                        Carol Bagley Amon
                                        United States District Judge