UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANTHONY PERRI,

                Plaintiff,

-against-

SERGEANT BARRITEAU; P.O. SUSAN
SAVIANO; P.O. JOSEPH DITUCCI; and
THE CITY OF NEW YORK,

                Defendants.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION
06 CV 403 (CBA) (LB)**

**BLOOM, United States Magistrate Judge:**

    Plaintiff, Anthony Perri, brings this *pro se* action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that on or around October 11, 2003, defendants used excessive force during his detention and were deliberately indifferent to his medical needs, thereby violating his constitutional rights. Plaintiff also alleges that defendants intentionally inflicted emotional distress upon him. By motion filed December 28, 2007, plaintiff seeks a preliminary injunction and a temporary restraining order to enjoin various police officers from, among other things, killing him, entering his apartment, eavesdropping on his phone calls, using his neighbors, landlord, or landlord's family to threaten or harass him, and to cut off funding of such "illegal units of N.Y.P.D." See docket entry 104. The Honorable Carol B. Amon referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 626(b). For the following reasons, plaintiff's motion should be denied.

## DISCUSSION

A party seeking a preliminary injunction must establish irreparable harm and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidely in its favor." Green Party of New York State v. New York State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004); Fed. R. Civ. P. 65. A movant must show irreparable harm before the other requirements for a preliminary injunction will be considered. Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002). The Second Circuit has defined "irreparable harm" as "certain and imminent harm for which a monetary award does not adequately compensate," noting that "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 113-14 (2d Cir. 2003); see also Kamerling, 295 F.3d at 214 ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)). The same standards govern consideration of an application for a temporary restraining order. See Therrien v. Martin, No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007).

In the underlying incident, which happened in October 2003, plaintiff was arrested, taken to the 109th precinct, had a panic attack, was taken to the hospital (after allegedly being dropped face-down as a test by the police and EMS workers of whether he was really suffering from an attack or was faking his symptoms), was taken back to the precinct, and ultimately was released. Plaintiff's third amended complaint alleges that he is an "emotionally disturbed person" ("EDP") and that the City has a policy, custom, or practice that constitutionally fails to afford proper treatment to EDPs

when arrested.

Here, plaintiff seeks a "Praliminary [sic] injunction/Temporary Restraining Order"

> A) To restrain the officers so named in the above-mentioned memorandum of law as John Doe No.1, and, No.2, and one Anthony R. Disalvio, and any other member of the illegal units of the N.Y.P.D., including civilian employees, and, or, governmental employees, from causing the death to this plaintiff, so named Anthony Perri. Or, his two cats named Beauty, or, Picasso, By poison, gunshot, fire, Gas, explosive device. Or any other act of sabotage, subterfuge, or, terrorism.
> B) To restrain said officers from entering plaintiff's apartment, or from eavesdropping on my phone calls without a warrent [sic]. (Or from having their civilian employees enter said abode).
> C) To restrain said illegal units of the N.Y.P.D., from using my neighbors, my landlord, Anthony Tammero, or his family to threaten or harrass [sic] this plaintiff in his home, or general living area.
> D) To restrain said City of New York, and, The New York City Police Department, and the illegal units of the N.Y.P.D., from assaulting, stalking, or harrassing [sic] plaintiff. And to restrain said officers from vandalizing plaintiff's property. Or engaging in further acts of set-ups, sabotage, or terrorism. (Which acts are done in furtherance of a conspiricy [sic] to decline my redress to the court, and report these issues).
> E) To cut off Federal funding of these illegal units of N.Y.P.D., officers.

Docket entry 104 at 1(A)-(E).

These conclusory allegations do not meet the requirements for preliminary injunctive relief. See Kamerling, 295 F.3d at 214 (noting that preliminary relief cannot be founded on "remote or speculative" harms). Plaintiff's belief that he is being followed and is in constant danger does not demonstrate irreparable harm. Plaintiff's self-description that he is emotionally disturbed has led to his filing this motion as well as another case that was dismissed. See Perri v. City of New York, et al., No. 08-cv-451 (ARR)(LB), slip op. at 6 (E.D.N.Y. Feb. 15, 2008) (denying injunctive relief and dismissing plaintiff's action against the "illegal units of the N.Y.P.D." as frivolous and on "the

3

level of the irrational or the wholly incredible.") (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). See also Neitzke v. Williams, 490 U.S. 319, 325-28 (1989) (defining as factually frivolous and therefore dismissible *sua sponte* claims encompassing "fanciful," "fantastic," or "delusional" allegations); Shoemaker v. U.S. Dept. of Justice, 164 F.3d 619, 1998 WL 681274, at *2 (2d Cir. 1998) ("A case is frivolous when it presents 'clearly baseless' factual contentions.") (quoting Neitzke, 490 U.S. at 327) (unpublished opinion).

Plaintiff fails to connect defendants to the harm he alleges and makes only conclusory allegations. Although the Court denied the motion to dismiss the underlying complaint herein, it is respectfully recommended that plaintiff's motion for a preliminary injunction should be denied as he has not established irreparable harm and a likelihood of success on the merits.[1]

---

[1] Plaintiff's motion filed on January 18, 2008 seeking similar injunctive relief is nearly identical to his motion filed on December 28, 2007. See docket entry 107. It is recommended that it should also be denied for the same reasons stated herein.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 27, 2008
Brooklyn, New York