UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTHONY PERRI,

                              Plaintiff,

-against-

MICHAEL BLOOMBERG, Mayor of the City of New
York; RAYMOND KELLY, Commissioner of the New
York City Police Department; Captain John Doe;
SERGEANT BARRITEAU, P.O. SUSAN SAVIANO,
and P.O. DITUCCI, in their individual as well as
official capacities; and THE CITY OF NEW YORK,

                              Defendants.
-------------------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM AND
ORDER

06-CV-403 (CBA)(LB)

AMON, United States District Judge:

      Plaintiff Anthony Perri brought this *pro se* action pursuant to 42 U.S.C. § 1983 and state tort law alleging that the defendants violated his federal constitutional and state law rights by using excessive force during his detention, by exhibiting deliberate indifference to his medical needs, by intentionally inflicting emotional distress upon him, and by maintaining a custom, policy, and practice that resulted in the violation of these rights.  The claims arise out of events taking place in the aftermath of his October 11, 2003 arrest for Assault in the Third Degree, Endangering the Welfare of a Child, and Harassment in the Second Degree.  By motion filed on December 27, 2007, Perri seeks a preliminary injunction and/or temporary restraining order to enjoin what he refers to as the "illegal units" of the New York City Police Department from killing him or his two cats by "poison, gunshot, fire, [g]as, explosive device ... [o]r any other act of sabatoge, subterfuge, or, terrorism."  (Mot. for Prelim. Injunction ("PI Mot.") at 1.)  He also seeks to enjoin these "illegal units" from entering his apartment, eavesdropping on his phone

calls, from using his neighbors and familiy for the purposes of threatening or harassing him, and from vandalizing his property. (PI Mot. at 1-2.) He also seeks a preliminary injunction "[t]o cut off Federal funding of these illegal units of N.Y.P.D. officers." (PI Mot. at 2.) The Court referred Perri's motion to Magistrate Judge Lois Bloom for a Report and Recommendation (R&R), which she issued on May 27, 2008, recommending that it be denied. Perri filed timely objections dated June 11, 2008. For the reasons that follow, the Court hereby adopts Magistrate Judge Bloom's R&R.

I.  Standard of Review

Magistrate Judge Bloom's recommendation that the Court deny Perri's motion for a preliminary injunction is reviewed *de novo*. See 28 U.S.C. § 636(b)(1).

II. Discussion

As Magistrate Judge Bloom correctly noted, "'[a] party seeking a preliminary injunction must establish irreparable harm and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor.'" (R&R at 2 (quoting Green Party of New York State v. New York State Bd. of Elections, 389 F.3d 411, 418 (2d Cir. 2004) and citing Fed. R. Civ. P. 65).) She further noted that a movant must demonstrate irreparable harm before the other requirements are analyzed, and that, in order for harm to be irreparable, it must be non-compensable by an award of monetary damages. (R&R at 2 (citing Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) and Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd., 339 F.3d 101, 113-14 (2d Cir. 2003).) The R&R concludes that Perri's allegations–which consist of unsupported and bizarre allegations regarding the acts of the so-called "illegal units of the NYPD"–do not establish that

he is in danger of irreparable harm. Moreover, Magistrate Judge Bloom concludes that although the allegations in the Third Amended Complaint were sufficient to survive the defendants' motion to dismiss, Perri has not demonstrated a likelihood of success on the merits. Accordingly, she concludes that he has not established that he is entitled to injunctive relief and recommends that the Court deny the motion.

In his objections to the R&R, Perri fails to discuss the legal standards applicable to his motion. Instead, he continues to make allegations regarding the actions of the "illegal units" that are not only unsupported but also have nothing to do with the subject matter of this lawsuit.[1] Magistrate Judge Bloom was correct to conclude that these allegations do not suffice to establish irreparable harm.

Moreover, as Magistrate Judge Bloom pointed out, and Perri failed to dispute, although his Third Amended Complaint passed muster under the liberal pleading standards of Federal Rule of Civil Procedure 8(a), he has failed to establish a likelihood of success on the merits of his lawsuit. He has used this docket number to submit periodic filings he tends to call "The Perri Report," with content similar to that in his objections to the instant R&R. Those filings, like the instant objections, deal not with the merits of his lawsuit, but rather contain a litany of sensational allegations pertaining not only to the NYPD, but also to various arms of government, both state and federal. Accordingly, Perri has not established that he is entitled to a preliminary injunction, because his allegations of irreparable harm are unsupported and bizarre and because

---

[1]Above and beyond not being connected to the claims at issue in this lawsuit, it would seem that Perri would lack standing to seek redress for many of the atrocities that he claims have been committed by the "illegal units" of the NYPD against young women. See generally Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

he has established neither a likelihood of success on the merits nor serious questions regarding the merits and a balance of hardships tipping decidedly in his favor.

I.  Conclusion

Magistrate Judge Bloom's R&R is hereby adopted.  Perri's motion for a preliminary injunction is denied.

        SO ORDERED

Dated:        Brooklyn, New York
                July 31, 2008

                                            Carol Bagley Amon
                                            United States District Judge