UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY PERRI,

                          Plaintiff,

-against-

JOHN DOE, Captain; SERGEANT BARRITEAU;
SUSAN SAVIANO; JOSEPH DITUCCI; and THE
CITY OF NEW YORK,

                         Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM AND
ORDER

06-CV-403 (CBA)(LB)

AMON, United States District Judge:

On November 21, 2008, plaintiff *pro se* Anthony Perri filed a submission entitled "Memorandum of Law/ The Perri Report" in which he requested various forms of injunctive relief and asked the Court to reinstate certain previously dismissed defendants by allowing plaintiff to amend his complaint. On December 3, 2008, plaintiff filed a subsequent motion seeking to compel defendants to respond to various court filings and complaining that the Court's electronic filing system had improperly docketed his submissions. On February 10, 2009, the Honorable Lois Bloom, United States Magistrate Judge, issued a report and recommendation ("R&R") recommending denial of plaintiff's request for injunctive relief and an order denying leave to amend the complaint and reinstate dismissed defendants, as well as denying the December 3 motion.. Docket Entries 156 and 155. On March 2, 2009, plaintiff timely filed objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), in a submission entitled "Submission of Memorandum of Law in response to Magistrate Judge Blooms [sic] orders no. 155 and 156" ("Memorandum"). Docket Entry 157.

The Court reviews the R&R de novo. See Fed. R. Civ. P. 72(b); The European

Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). The Court has considered the objections made by plaintiff and finds them unpersuasive. Plaintiff's Memorandum does not specifically object to any portion of the R&R, but instead restates many of the same allegations that plaintiff has raised in numerous prior submissions.[1] In the November 21 motion, plaintiff requested "a preliminary injunction/temporary restraining order forthwith" without specifically identifying the requested relief. See Docket Entry 151, ¶ 53(C). Plaintiff now apparently requests that President Barack Obama and Attorney General Eric Holder "recommend that these issues [in the Memorandum] go before Congress at the earliest possible date" and that "Congress hold hearings on these issues at the earliest possible date." See Memorandum at ¶ 86.[2] Plaintiff has not submitted any admissible evidence to suggest a likelihood of success on the merits or made the requisite showing for injunctive relief under Fed. R. Civ. P. 65. See Green Party of New York State v. New York State Board of Elections, 389 F.3d 411, 418 (2d Cir. 2004) (A party seeking a preliminary injunction must establish irreparable harm and either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor). As such, the Court

---

[1] As the Honorable Magistrate Judge Bloom has noted, plaintiff's submissions, of which there are many, have grown increasingly delusional over time. He alleges a vast conspiracy, implicating all levels of the federal government resulting in "[t]he murder of hundreds of people and thousands of animals," and draws connections between news articles about the financial crisis and recent murders, pornographic images, salmonella outbreaks, and myriad other subjects. See Memorandum at ¶¶ 45-73.

[2] In a subsequent submission on May 15, 2009, plaintiff requested a "preliminary injunction/temporary restraining order" to "stop City and Federal officials from placing [him] in a Mental Institution under Freudulent [sic] Circumstances" and requiring the "Executive and legislative members" cited in his motion to "litigate" his lawsuits. This Court denied that motion on May 19, 2009 on the grounds that plaintiff had not shown a likelihood of success on the merits. See Docket Entry 159.

hereby adopts the well-reasoned Report & Recommendation of February 10, 2009 as the opinion of the Court.

Plaintiff also objects to Magistrate Judge Bloom's February 10, 2009 Order ("the Order"), Docket Entry 155, denying permission to file a fourth amended complaint or to reinstate previously dismissed defendants Mayor Michael Bloomberg and Police Commissioner Raymond Kelly. The Order also denied plaintiff's December 3, 2008 Motion, in which plaintiff complained that the Court's electronic filing system had not properly docketed photographs and video pornography submitted as "evidence" of claims to include in his amended complaint, and asked the Court to "compel defendants to answer" filings relating to plaintiff's claims that the defendants are using girls to entrap him.

Because the Magistrate Judge's decision to deny leave to amend the complaint is dispositive with regard to the denied claims, the Court reviews this issue de novo. Fed R. Civ. P. 72(b); RJR Nabisco, 134 F. Supp. at 302. Plaintiff has been permitted to amend his complaint on three prior occasions, but the magistrate judge denied plaintiff's request to "amend the complaint for the fourth time" on December 29, 2006. Docket Entry 74. The current proposed amendment seeks to introduce "The Attack/Eviction and attempted Entrapment of the Movant; The Anthrax Attacks; The Murder and Set-Up of Citizens." After considering plaintiff's proposed amendment to the Complaint, this Court is unable to identify any new non-frivolous claim against any named defendant and believes further amendment of the complaint would be futile. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile.")

With regard to plaintiff's request to reinstate dismissed defendants, this Court previously

3

adopted the well-reasoned Report and Recommendation of Magistrate Judge Bloom recommending dismissal of plaintiff's claims against Mayor Michael Bloomberg and Police Commissioner Raymond Kelly, and noted that the portions of plaintiff's complaint subject to dismissal were clearly legally insufficient to state a claim for relief. Plaintiff has not since shown any meritorious basis on which he could succeed on these claims. Accordingly, plaintiff's request for reinstatement of these defendants is denied.

Plaintiff's remaining objections consist of nondispositive matters. A district court is only required to modify or set aside a magistrate judge's order on a nondispositive matter when it is "clearly erroneous" or "contrary to law." See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Kai Wu Lu v. Tong Zheng Lu, No. 04-cv-1097, 2007 WL 2693845, at *2 (E.D.N.Y. Sept. 12, 2007) (internal citations and quotation marks omitted). With respect to questions of law, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id.

The Court has reviewed plaintiff's further objections and sees no basis to modify or set aside the Order. Plaintiff has not identified any basis to indicate that the Order was clearly erroneous or contrary to law. Plaintiff raised a variety of objections in his December 3, 2008 motion related to the Court's electronic filing system and addressing procedural issues relating to the pending motions for summary judgment. Plaintiff asserts he should not be required to respond to defendants' Rule 56.1 statement of undisputed facts and that the defendants should be ordered to respond to assertions set forth in various documents he has submitted to the Court.

None of these objections compels the Court to disagree with Magistrate Judge Bloom's determination that the December 3, 2008 motion should not be granted. Plaintiff has submitted numerous filings that are beyond the scope of this action and to which the defendants are not obligated to respond. Plaintiff's claims pertaining to the pending summary judgment motions will be addressed at such time as those motions are properly under review.

SO ORDERED.

Dated:     Brooklyn, New York
             September 9, 2009

/S/
Carol Bagley Amon
United States District Judge