UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANTHONY PERRI,                                          NOT FOR PUBLICATION
                                                        MEMORANDUM &
                    Plaintiff,                          ORDER
-against-                                               06-CV-403 (CBA)(LB)

JOHN DOE, Captain; SEARGEANT BARRITEAU;
SUSAN SAVIANO; JOSEPH DITUCCI; and
THE CITY OF NEW YORK,

                    Defendants.
-------------------------------------------------------------------x
AMON, United States District Judge:

    Plaintiff, Anthony Perri ("Perri" or "plaintiff"), brings this pro se action pursuant to 42

U.S.C. § 1983, alleging violations of federal and state law.   He alleges defendant police officers

and the City of New York used excessive force during his arrest and detention, were deliberately

indifferent to his medical needs, and intentionally inflicted emotional distress upon him.   Plaintiff

and defendants cross moved for summary judgment pursuant to Fed. R. Civ. P. 56.   See Docket

Entries 142, 145.   Plaintiff additionally moved for "withdrawal of defendants' motion for

summary judgment."   See Docket Entry 137.   This Court referred the parties' motion to the

Honorable Lois Bloom, United States Magistrate Judge, who issued a Report & Recommendation

("R&R") in accordance with 28 U.S.C. § 626(b) on February 5, 2010, recommending that the

parties' motions should be denied without prejudice so that the Court can order Perri to undergo a

psychiatric evaluation.   On February 24, 2010, Perri filed timely objections to the R&R.

    The Court reviews the R&R de novo.   See Fed. R. Civ. P. 72(b); The European

Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001).   Plaintiff objects to

the R&R on various grounds, contending that both Judge Bloom and Judge Amon should have

recused themselves "in a proceeding in which they have both become personally involved," and

that the R&R does not comport with the Second Circuit's mandate in a different case filed by plaintiff in this district, Perri v. The City of New York et al., No. 08-1058-CV, 2009 WL 3227430 (2d Cir. Oct. 8, 2009) ("Perri II").    He further requests reinstatement of defendants that were previously dismissed from the case.

Before turning to Perri's specific objections, the Court takes notice of Perri's long and troubled history of mental illness.    As Magistrate Judge Bloom recounted in the R&R, Perri has struggled with mental illness since childhood.    He has been diagnosed with post-traumatic stress disorder, panic disorder, anxiety disorder, bipolar disorder and attention deficit hyperactivity disorder, and he suffers from paranoid ideation.    (R&R at 2; Psychiatric Evaluation Report, 3-4, attached to plaintiff's complaint in Perri v. City of New York, et al., 08-CV-451 (ARR)(LB) (E.D.N.Y.).)    He has spent many of his adult years incarcerated.    Perri's submissions to this Court, of which there are many, have grown increasingly delusional.    He alleges a vast conspiracy, implicating all levels of the federal government, and draws connections among newspaper articles about topics such as current events, celebrity deaths, food poisoning outbreaks, mauled animals and pornography.    (See, e.g., Docket Entry 176, "The Perri Report" dated March 1, 2010).    He asserts, inter alia, that federal officials attack him in his home, attempt to poison his two cats, and enlist spies in the community to keep him at bay.    Perri's voluminous submissions have grown increasingly frequent during the past six months.    (See, e.g., Docket Entries 163, 165, 166, 168, 169, 170 and 171).

In light of Perri's history of mental illness and the Second Circuit's decision in Perri II, Magistrate Judge Bloom's decision to dismiss the parties' cross motions without prejudice and order Perri to undergo a psychiatric evaluation appears eminently sensible.    Perri's objections to the R&R only further underscore the need to consider Perri's mental state to determine if a

2

guardian should be appointed to act on his behalf in this case.

Perri first objects to the R&R on the ground that Judges Amon and Bloom should have recused themselves pursuant to 28 U.S.C. § 455(a).   He contends that "Judges Amon, Bloom and Ross have become personally involved in these cases and have a vested interest in the outcome of these proceedings" and states that "any reasonable person would be led to believe Judges Amon and Bloom has [sic] long ago had a vested interest in the outcome of the instant case".   (Pl.'s Objs. at 3-5.)   28 U.S.C. § 455(a) states that recusal is required whenever a judge's "impartiality might reasonably be questioned".   This requirement is generally limited to situations in which "the alleged impartiality 'stems from an extrajudicial source.'"   U.S. v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 544 (1994) (internal alterations omitted).   As such, "opinions held by judges as a result of what they learned in earlier proceedings" during the course of a particular litigation are ordinarily not a basis for recusal. Liteky, 540 U.S. at 551.   Similarly, "a judge's comments during a proceeding that are 'critical or disapproving of, or even hostile to, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'"   Carlton, 534 F.3d at 100 (quoting Liteky, 540 U.S. at 555).   In such cases, the judge's opinions or comments must demonstrate "such a high degree of favoritism or antagonism as to make fair judgment impossible."   Id.   Perri apparently claims that recusal is required because Magistrate Judge Bloom has "threatened" to dismiss the case if he "refuse[s] to settle" and that "[n]o such stringent orders have been issued against the City."   (Pl.'s Objs. at 4). He further alleges that the "overwhelming magnitude of evidence" demonstrates that "Judges Amon and Bloom are unfit to rule or proceed in this lawsuit." (Id.)   Perri does not raise any extrajudicial basis for recusal, and the record does not reflect any basis to suggest that fair judgment is impossible.   Recusal is not required just because the Court has encouraged Perri to

3

settle this case, and endeavored mightily to find a pro bono guardian ad litem to assist in that regard.   Accordingly, Perri's argument that the failure to recuse requires vacatur of all rulings rendered in this case is denied.

Perri further objects that the R&R does not comply with the Second Circuit's ruling in Perri II and Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003). Perri argues that, under Ferrelli, the Court must consider the appointment of a guardian ad litem when confronted with evidence of a disability.   As noted in the R&R, this Court has previously appointed a guardian ad litem, who was ultimately relieved by the magistrate judge.   (Docket Entry 106; R&R at 4-5).   The proposal in the R&R represents an attempt to comply with the procedures set forth in Ferrelli and Perri II.   Accordingly, the Court is required to determine Perri's capacity to sue before formally appointing a guardian ad litem and reaching the merits of any of plaintiff's claims.

Plaintiffs remaining objections are without merit.   His request to reinstate defendants previously dismissed from this case is denied for the same reasons set forth in this Court's Memorandum and Order of September 9, 2009 (Docket Entry 162).

## CONCLUSION

Having conducted a de novo review of the R&R, the Court is satisfied that the magistrate's approach is sensible.   Accordingly, the parties' cross-motions for summary judgment (Docket Entries 137, 142 and 145) are denied without prejudice.   Plaintiff shall be ordered to undergo a psychiatric evaluation.   The particulars of the examination, i.e., the time, place and doctor, are to be determined by the magistrate judge in consultation with the parties.   The plaintiff is cautioned that, should he fail to appear for such an evaluation, he risks dismissal of the complaint.   If, after

4

the psychiatric evaluation and a hearing, it is determined that plaintiff lacks the capacity to sue, a

guardian <u>ad litem</u> will be appointed by the Court.


SO ORDERED.

Dated:       Brooklyn, New York
             March <u>11</u>, 2010

                                        /Signed by Judge Amon/

                                        Carol Bagley Amon
                                        United States District Judge

5