UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ANTHONY PERRI,

        Plaintiff,

    -against-

JOHN DOE, Captain; SERGEANT
BARRITEAU; SUSAN SAVIANO;
JOSEPH DITUCCI;
and THE CITY OF NEW YORK,

        Defendants.
----------------------------------------------------x

**ORDER**
**06 CV 403 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

    The Court held a hearing on December 16, 2010 to determine whether plaintiff should be appointed a guardian *ad litem* pursuant to Fed. R. Civ. P. 17(c). The events that led to the December 16, 2010 hearing are well documented in prior Orders, (See documents 173, 179, 195.) The Court assumes familiarity with the procedural history and underlying facts of this case for the purpose of this Order.

    Under Fed. R. Civ. P. 17(c)(2), "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Generally, the Court considers the application of Rule 17(c) where it is

> ". . . presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003).

"[A] litigant possesses liberty interests in avoiding the stigma of being found incompetent [ ], and in retaining personal control over the litigation." Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 651 (2d Cir. 1999). The Court, therefore, must take great care to protect the litigant's due process rights when appointing a guardian *ad litem*. "To determine the amount of process due, we must weigh (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of that interest through the procedures used, and the probable value of additional or different procedural safeguards;[1] and (3) the government's interest." Id.; see also id. at 652 ("The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard.")(quoting Goldberg v. Kelly, 397 U.S. 254, 268-69).

Under Rule 17(b), the Court looks to state law for the standard to determine a litigant's capacity and whether to appoint a guardian *ad litem*. Fed. R. Civ. P. 17(b)(1); cf. Iannazzo v. Pitney Hardin LLP, No. 04 Civ. 7413, 2005 U.S. Dist. LEXIS 495, *3 (S.D.N.Y. Jan. 12, 2005)("[A]lthough the law of the state of domicile controls whether a person is competent to sue in federal court, federal-law procedures are to be used to make that determination.")(citation omitted). The New York standard is codified under N.Y. C.P.L.R. § 1201, which provides for the appointment of a guardian *ad litem* where one is "incapable of adequately prosecuting or defending his rights." Id.; Bowen v. Rubin, 213 F. Supp. 2d 220, 223 (E.D.N.Y. 2001).

Prior to the December 16, 2010 hearing, the Court arranged for plaintiff to be evaluated by a psychiatrist, Dr. Merrill Rotter, M.D. (See document 195.) Dr. Rotter's report was submitted to the Court on October 17, 2010, finding, among other things, that plaintiff "is

---

[1] Neilson also discusses the Court's "continuing obligation to supervise the guardian ad litem's work." Neilson, 199 F.3d at 652.

actively psychotic and his psychotic beliefs are directly impairing his capacity to make rational decisions about his court case." (Document 205.)[2]

The Court reached out to Ian Feldman, Esq., Director of Legal Services of the Mental Health Project at the Urban Justice Center, who met with plaintiff and agreed to serve as his guardian *ad litem* should the Court find that such an appointment was necessary.

**THE HEARING**

Plaintiff appeared at the December 16, 2010 hearing, along with Mr. Feldman and defendants' counsel. Plaintiff was given an opportunity to review Dr. Rotter's psychiatric report before proceeding. (Transcript of Hearing held on December 16, 2010 ("Tr."), document 208, at 4-6, 13.) Plaintiff declined, but requested that a copy of the report be sent to him at a later date; Mr. Feldman agreed to provide plaintiff with a copy of Dr. Rotter's report. (Tr. at 4, 32.) The Court asked plaintiff whether he has any family members who could serve as a guardian *ad litem,* instead of Mr. Feldman. (Tr. at 10-12.) Plaintiff stated that he has "nobody." (Tr. at 11.)

At numerous points during the hearing, the Court explained to plaintiff, in explicit detail, the role of a guardian *ad litem* and the consequences that a guardian's decisions would have in this case.[3] Specifically, the Court informed plaintiff that the guardian *ad litem* would make decisions for him in this case based on the guardian's perception of plaintiff's best interests, regardless of whether plaintiff agrees with those decisions.[4] (Tr. at 7, 11, 18, 19, 37.) Plaintiff

---

[2] Dr. Rotter's report has been filed under seal to protect plaintiff's privacy.

[3] See Neilson, 199 F.3d at 659 (Sotomayor, J. *dissenting*)(stating that due process should require notice of a hearing to be "tailored to [the litigant's] mental capacity," and the Court should explain the meaning and effect of appointing a guardian *ad litem*, as well as the consequences of the representative's decision-making role).

[4] The Court further explained that the role of the guardian *ad litem* at this stage would differ from the role of the previous guardian *ad litem* appointed in this case. (Tr. at 8-10.) The previous guardian *at litem* had limited powers to decide matters for plaintiff, as plaintiff was not afforded the same pre-appointment process that he has been given at this juncture. (See discussion, document 173 at 4-6.)

responded that he understood, that he has given "great thought and consideration to the position of the Court, to the position of the guardian *ad litem*,"[5] and that he is "grateful" for the help. (Tr. at 19, 36.)  The Court also stressed that plaintiff's case is limited to his instant complaint and the events which he alleges occurred on October 13, 2003 at the 109th precinct.  The numerous allegations set forth in subsequent submissions concerning conspiracies by government agents and officials to do him harm will not be addressed by the Court.  (Tr. at 21-22, 27-28, 32.) Likewise, the guardian *ad litem* will only address plaintiff's claims in the instant complaint, and will not pursue any of plaintiff's other cases or claims in this or other courts. (Tr. at 23.)

**FINDINGS AND APPOINTMENT**

After reviewing the report of plaintiff's psychiatric evaluation by Dr. Rotter and plaintiff's numerous submissions over the years, as well as observing plaintiff in person on several occasions, including at the most recent hearing, I find that plaintiff lacks the capacity to pursue this lawsuit.  The Court appoints Mr. Feldman as his guardian *ad litem* under Fed. R. Civ. P. 17(c); neither plaintiff nor defendants object to Mr. Feldman's appointment. (Tr. at 37.)

Plaintiff's inability to focus his efforts on litigating the claims alleged in his complaint has prevented this Court from reaching the merits of his claim, and has forced the Court to expend its limited resources to address plaintiff's many requests for emergency injunctive relief that have nothing to do with his case.  It is clear that plaintiff is unable to advance his claim.

Accordingly, the Court appoints Ian Feldman, Esq., to be plaintiff's guardian *ad litem* in this action.  Mr. Feldman shall work with defendants' counsel to exchange discovery materials and to determine what remains to be done.  The parties shall submit a joint report to the Court by

---

[5] Mr. Perri stated that if Mr. Feldman settles the action without regard for his safety, vis-à-vis his fears that government agents are conspiring to harm him, that he would take the matter to the Second Circuit and the Supreme Court. (Tr. at 20.)

January 14, 2011, detailing their progress and recommending their proposed plan for proceeding herein.

SO ORDERED.

          /S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 28, 2010
       Brooklyn, New York

Cc:    (*by mail*)
      Anthony Perri
      111-66 43rd Ave., 2nd Floor
      Corona, NY 11368

      (*by email*)
      Ian Feldman, Esq