```
                                              FILED
                                         IN CLERK'S OFFICE
                                      U.S. DISTRICT COURT E.D.N.Y.

                                      ★   MAY 27 2011   ★
```

UNITED STATES DISTRICT COURT                          BROOKLYN OFFICE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ANTHONY PERRI,                                        STIPULATION OF
                                    Plaintiff,        SETTLEMENT AND
                                                      ORDER OF DISMISSAL

            -against-                                 06 CV 0403 (CBA)(LB)

MICHAEL BLOOMBERG, Mayor of the City of New
York; RAYMOND KELLY, Commissioner of the New
York City Police Department; Captain John Doe;
SERGEANT BARRITEAU, P.O. SUSAN SAVIANO; P.O.
JOSEPH DITUCCI, IN THEIR INDIVIDUAL, AS WELL
AS, OFFICIAL CAPACITIES; AND THE CITY OF NEW
YORK,
                                    Defendants.
-------------------------------------------------------------- x

      **WHEREAS,** plaintiff ANTHONY PERRI commenced this action on or about January 25, 2006, by filing a complaint alleging, *inter alia*, violations of his state law rights and civil rights pursuant to 42 USC § 1983; and

      **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

      **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

      **WHEREAS,** Ian F. Feldman, plaintiff's court-appointed guardian ad litem, is authorized to settle this matter on the terms set forth below;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

      1.    The above-referenced action is hereby dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph 2 below.

2.      The City of New York hereby agrees to pay plaintiff ANTHONY PERRI, by his guardian ad litem Ian F. Feldman, the total sum of TWELVE THOUSAND, FIVE HUNDRED DOLLARS ($12,500) in full satisfaction of all of his claims against defendants, including claims for costs, expenses and attorney fees.

3.      In consideration of the payment of the amount specified in paragraph 2 above, plaintiff agrees to the dismissal of all the claims against defendants City Of New York, Michael Bloomberg, Raymond Kelly, Damon Barriteau, Susan Saviano, Joseph Ditucci; and any present or former employees or agents of the City of New York, the New York City Police Department, and all persons involved in the lawsuit, and their successors or assigns, from any and all liability, and any and all claims which were or could have been alleged in the complaint in this action, including claims for costs, expenses and attorney fees.

4.      Plaintiff ANTHONY PERRI, by his guardian ad litem Ian F. Feldman, shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraphs 2 and 3 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

5.      Settlement of this action with respect to Anthony Perri is conditioned on compliance with provisions set forth in Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions,

and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Laws and Rules for the State of New York, to the extent applicable, and plaintiff will submit whatever documents are necessary for a compromise.

6. Plaintiff agrees to hold harmless the City of New York, Michael Bloomberg, Raymond Kelly, Damon Barriteau, Susan Saviano, and Joseph Ditucci, regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendant City of New York reserves the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. Nothing contained herein shall be deemed to be an admission by any of the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

8. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof including the New York City Police Department.

9. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

10. The April 4, 2011 letter from the New York City Human Resources Administration/Department of Social Services to Suzanna Publicker is incorporated in and made part of this Stipulation and Order.

Dated: New York, New York
       April 5, 2011

| | |
|---|---|
| Ian F. Feldman | MICHAEL A. CARDOZO |
| Director of Legal Services | Corporation Counsel of the |
| Urban Justice Center | City of New York |
| Mental Health Project | Attorney for Defendants |
| Guardian ad Litem for Plaintiff Anthony Perri | 100 Church Street, Room 3-310 |
| 123 William Street | New York, New York 10007 |
| New York, NY 10038-3800 | spublick@law.nyc.gov |
| iffeldman@urbanjustice.org | (212) 788-1103 |
| (646) 602-5669 | |

By: _____         By: _____
    Ian F. Feldman                   Suzanna Publicker
                                     Assistant Corporation Counsel

SO ORDERED:

/Signed by Chief Judge Carol Bagley Amon/
_____
CAROL B. AMON, U.S.D.J.

5/27/11

4

```
04/04/2011  11:02    Received:         HRA         Apr 4 2011 11:21am         PAGE 02/02
                     212-274-5513
```

HUMAN RESOURCES ADMINISTRATION
INVESTIGATION, REVENUE AND
ENFORCEMENT ADMINISTRATION
DIVISION OF LIENS AND RECOVERY
PO Box 3786
Church Street Station
New York, NY 10008-3786
Phone: (212) 274-5892    Fax: (212) 274-4986

**NYC**
Human Resources
Administration
Department of
Social Services
**ROBERT DOAR**
*Administrator/Commissioner*

SUZANNA PUBLICKER
NYC LAW DEPARTMENT
100 CHURCH STREET 4TH FL
NEW YORK, NY 10007

Date: April 4, 2011

Case Name: **ANTHONY PERRI**
CIN: **UM82274A**
Case Number: **004693734-10-17**
Social Security #: xxx-xx-1371
Date of Accident: **October 11, 2003**
Date of Birth: **September 23, 1962**

Dear Ms. Publicker:

In accordance with Social Services Law Section § 104-b, the New York City Department of Social Services will not assert a lien against the proceeds of your client's personal-injury lawsuit/claim identified above, but reserves the right to pursue any separate recovery permissible by law as set forth below.

In the event your client places the proceeds of this settlement into a supplemental needs trust, please be aware that pursuant to Social Services Law § 366 and the mandatory trust language, the FULL amount of Medicaid provided to your client over his/her lifetime will be due and owing, including the amount of Medicaid not recovered from the proceeds of this action, to the extent sufficient monies remain in the trust.

Additionally, nothing in this letter shall be construed to prohibit the Department of Social Services from pursuing a future claim for recovery of any outstanding Medicaid, including the amount of this lien, pursuant to Social Services Law § 369 from the estate of an individual over the age of 55 or from pursuing recovery, as permissible by law, from any other resource other than the proceeds of the above referenced lawsuit.

Thank you for your cooperation in this matter.

Yours truly,

Division of Liens and Recovery
By: Sherilyn James, Esq.
(212) 274-5707