UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANTHONY PERRI,

                      Plaintiff,

-against-

MICHAEL BLOOMBERG et al.,

                      Defendants.
-------------------------------------------------------------x

<u>NOT FOR PUBLICATION</u>
**ORDER**
06-CV-403 (CBA) (LB)

AMON, Chief United States District Judge:

       On May 27, 2011, this Court entered an order approving a settlement reached between the City of New York and Ian Feldman, who is the court-appointed guardian ad litem for the plaintiff Anthony Perri. The plaintiff objected to the terms of the settlement, but the Court ultimately approved the settlement amount of twelve thousand five hundred dollars ($12,500), finding it fair, reasonable, and adequate.

       On September 2, 2011, the plaintiff filed a motion requesting three things: (1) relief under Federal Rule of Civil Procedure 60 from this Court's May 27, 2011 order approving the settlement and dismissing the action; (2) that the Court unseal the psychiatric report of Dr. Merrill Rotter that was entered in this case on November 16, 2010 (Docket Entry #205); and (3) that the Court "properly scan all evidence in this case to be accessible by ECF. Including: color photographs, newspaper articles, & Government documents . . . ." (Docket Entry #239.) On February 14, 2012, the plaintiff filed an additional motion seeking to recover the costs he incurred throughout this litigation. The Court addresses both motions in this order.

       First, the Court finds that the plaintiff has not presented any facts or arguments sufficient to warrant relief from the Court's May 27, 2011 order approving the proposed settlement. The Court continues to believe that the settlement reached in this action is fair, reasonable, and

1

adequate. Accordingly, the plaintiff's motion for relief from this Court's May 27, 2011 order is denied.

Second, the plaintiff seeks to unseal the report of Dr. Merrill Rotter, filed on November 16, 2010, which summarizes the psychiatric evaluation of the plaintiff that was performed in connection with his motion to have a guardian ad litem appointed by the Court. It is not clear from the plaintiff's motion why he wants to unseal this report. The purpose of filing the report under seal is to protect the plaintiff by preventing the general public from accessing confidential details about his personal and medical history. The Court is hesitant to unseal the report to make it available to the public generally, and therefore the plaintiff's motion is denied to the extent that it seeks to make the report a public document. However, if the plaintiff wants a copy of the report, he can request one from the Court and the Court will unseal the report for that limited purpose and provide the plaintiff with a copy.

Third, the Court denies the plaintiff's motion to have the Court "properly scan all evidence in this case to be accessible by ECF." Although the plaintiff, as a pro se litigant, does not have access to ECF to file his own documents with the Court, all of the documents listed in the plaintiff's motion have either been filed and docketed on ECF or are maintained in the Court's hard copy records.

Finally, the plaintiff requests that the Court award him an additional fee to cover his expenditures and his time spent on this case. The plaintiff states that he has spent over twenty thousand dollars ($20,000) on photocopies, disposable cameras, picture development, research, DVD's, internet fees, transportation costs, and other materials needed to file over two hundred documents in this case, which exceeds the amount of his settlement. The plaintiff argues that Mr. Feldman, who agreed to the settlement amount over the plaintiff's objections, did not

2

address the issue of costs. However, the settlement approved by the Court in this case expressly includes all costs and expenses. The Stipulation of Settlement and Order of Dismissal so ordered by the Court on May 27, 2011, states that this action "is dismissed with prejudice, and without costs, expenses, or fees in excess of the amount specific in paragraph 2 [of the order]." (Docket Entry No. 236.) Paragraph 2 of the stipulation states: "The City of New York hereby agrees to pay plaintiff . . . the total sum of . . . $12, 500 . . . in full satisfaction of his claims against defendants, including claims for costs, expenses and attorney fees." Accordingly, the plaintiff's motion to recover any additional costs is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
      March 12, 2012

                                       /s/
                                  Carol Bagley Amon
                                  United States District Judge